USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

HEET KHARA and NASIM SALIM,

Defendants.

15 CV 03497 (JPO)

**ECF Case**

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS HEET KHARA AND NASIM SALIM**

Plaintiff U.S. Commodity Futures Trading Commission (the "CFTC" or "Commission") and Defendants Heet Khara ("Defendant Khara") and Nasim Salim ("Defendant Salim", and together with Defendant Khara, "Defendants") consent to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and this Court's jurisdiction over the Defendants for the purposes of this Order. Defendants Khara and Salim consent to the entry of this Order freely and voluntarily. No promise or threat has been made by the Commission, or any member, office, agent, or representative of the Commission, to induce Defendants to consent to this Order.

This Court, having considered all pleadings, memoranda, declarations, and other exhibits filed with this Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1. This Court has jurisdiction over the parties and over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1, (2012).

2. Venue properly lies with this Court, pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because the Defendants transact business in this District and the acts and practices in violation of the Act occurred, are occurring, or are about to occur in this District.

3. Each Defendant acknowledges that he has received copies of the Summons, Complaint, Application for *Ex Parte* Restraining Order, Memorandum of Law In Support, Declaration of Andrew Vrabel, and *Ex Parte* Statutory Restraining Order entered by this Court on May 5, 2015. Service of process was properly effected upon Defendants in accordance with this Court's May 5, 2015 Order.

4. There is good cause to believe that from at least February 2015 through at least April 28, 2015, Defendants Heet Khara and Nasim Salim engaged in unlawful disruptive trading practices or conduct in the gold and silver futures markets on or subject to the rules of a registered entity, the Commodity Exchange, Inc., that were, were of the character or, or were commonly known to the trade as "spoofing" (bidding or offering with the intent to cancel the bid or offer before execution), in violation of Section 4c(a)(5)(C) of the Act, 7 U.S.C. § 6c(a)(5)(C).

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final sanctions in the form of monetary or other redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or documents unless Defendants are immediately restrained and enjoined by Order of the Court.

6. There is good cause for entry of an order freezing assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants.

7. There is good cause for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, from destroying relevant books, records, and other documents and/or denying agents of the Commission immediate and complete access to Defendants' books and records for inspection and copying.

8. Because the record constitutes a *prima facie* showing that Defendant violated certain provisions of the Act, and that a reasonable likelihood of future violations exists, the Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012).

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

9. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

10. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

11. "Khara" or "Defendant Khara" refers to Heet Khara, individually, and also his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Khara, including any entity by which Khara is doing business as, and any successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Heet Khara.

12. "Salim" or "Defendant Salim" refers to Nasim Salim, individually, and also his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Salim, including any entity by which Salim is doing business as, and any successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Nasim Salim.

## I. *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendants, except as otherwise ordered by this Court, are restrained and preliminarily enjoined from directly or indirectly:

A. Engaging in any trading, practice, or conduct on or subject to the rules of a registered entity that is, is of the character of, or is commonly known to the trade as "spoofing" (bidding or offering with the intent to cancel the bid or offer before execution), in violation of section 4c(a)(5)(C) of the Act, 7 U.S.C. 6c(a)(5)(C).

B. Engaging in any activity relating to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to the following:

1. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29));
2. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for their own personal account or for any account in which they have a direct or indirect interest;

3. Having any commodity interests traded on their behalf;

4. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

5. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

6. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

7. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

## II. *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendants, except as otherwise ordered by this Court, are restrained and preliminarily enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any Assets of Defendants, except as otherwise ordered by this Court.

## III. *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED** that, pending further order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or Assets in the name of, held for the benefit of, or otherwise under the control of Defendants, shall:

A. Prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise

disposing of any account or Assets of Defendants, except as directed by further Order of this Court;

B. Deny Defendants and all other persons access to any safe deposit box that is: (1) owned, controlled or managed by, or held in the name of, Defendants either individually or jointly; or (2) otherwise subject to access by either Defendant;

C. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset held in the name of Defendants, individually or jointly;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either held in the name of Defendants, individually or jointly, or is otherwise subject to access by Defendants;

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds at the Commission's direction and producing records related to accounts held in the name of Defendants.

IV. *Accounting of Assets*

**IT IS FURTHER ORDERED** that, upon request of the Commission, Defendants shall provide the Commission with a full accounting of all funds, documents, and assets exceeding $1,000 in fair market value individually, both within and outside the United States which are (1) titled in the name individually or jointly of Defendants; or (2) held by any person or entity, for the benefit of Defendants; or (3) under such Defendants' direct or indirect control, whether jointly or singly.

V. *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED** that Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendants.

VI. *Commission's Access to and Inspection of Documents*

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of Defendants and its agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated. Upon request of the Commission, Defendants shall deliver to the

Commission documents of the Defendants, including but not limited to all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), lists of all customers or investors, title documents, other papers, all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants, including but not limited to, access to the Defendants' business premises, means of communication, accounts, computer systems, or other property and information identifying the accounts, employees, properties, or other assets or obligations of the Defendants.

## VII. *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or a private express courier service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants or that may be subject to any provision of this Order.

## VIII. *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Patryk J. Chudy, Chief Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005, by electronic filing, email, personal delivery, overnight delivery or courier service (such as Federal Express or United Parcel Service), and not by regular mail.

## IX. *Expedited Discovery*

**IT IS FURTHER ORDERED** that the Commission is granted leave, at any time after service of this Order, to take the depositions of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of Defendants, and the location of documents reflecting the business transactions of Defendants; forty-eight (48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents.

The Commission also may conduct expedited discovery to enable the Commission to fulfill its statutory duties. This expedited discovery may allow the Commission to determine the full extent of Defendants' alleged wrongdoing (including, but not limited to, the possible involvement of others).

## X. *Depositions*

**IT IS FURTHER ORDERED** that the limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Order. No depositions taken pursuant to Paragraph IX shall count toward the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i).

## XI. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

XII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

* * * * *

**SO AGREED** on this 14 day of May, 2015.

**U.S. Commodity Futures Trading Commission**

Manal Sultan
Deputy Director

By: ______________________
Patryk J. Chudy
David Oakland
Neel Chopra
Katie Rasor
Division of Enforcement
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
Phone (646) 746-9743
Fax (646) 746-9939
pchudy@cftc.gov
doakland@cftc.gov
nchopra@cftc.gov
krasor@cftc.gov

**Heet Khara**

By: ______________________
Heet Khara
Al-Ghuwair Flar #2139
Sharjah, 23329, UAE
--and--
2139 Rolla Street
Sharjah Main City, Sharjah UAE

**Nasim Salim**

By: ______________________
Nasim Salim
Zonyx Global
406 Damas Tower
Deira, Dubai 56596 UAE
--and--
Zonyx DMCC
406 Khalid Al Ahar Tower
Marktown Street
Dubai, UAE

**SO ORDERED**, this 14th day of May, 2015.

Deborah A. Batts
U.S. District Judge
Part I

## XII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

* * * * *

**SO AGREED** on this 14 day of May, 2015.

**U.S. Commodity Futures Trading Commission**

Manal Sultan
Deputy Director

By: ______________________________

Patryk J. Chudy
David Oakland
Neel Chopra
Katie Rasor
Division of Enforcement
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
Phone (646) 746-9743
Fax (646) 746-9939
pchudy@cftc.gov
doakland@cftc.gov
nchopra@cftc.gov
krasor@cftc.gov

**Heet Khara**

By: ______________________________

Heet Khara
Al-Ghuwair Flar #2139
Sharjah, 23329, UAE
--and--
2139 Rolla Street
Sharjah Main City, Sharjah UAE

**Nasim Salim**

By: ______________________________

Nasim Salim
Zonyx Global
406 Damas Tower
Deira, Dubai 56596 UAE
--and--
Zonyx DMCC
406 Khalid Al Ahar Tower
Marktown Street
Dubai, UAE

**SO ORDERED**, this ________ day of ______________________, 2015.

______________________________
U.S. District Judge

### XII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

* * * * *

**SO AGREED** on this 14th day of May, 2015.

**U.S. Commodity Futures Trading Commission**

Manal Sultan
Deputy Director

By: ______________________
Patryk J. Chudy
David Oakland
Neel Chopra
Katie Rasor
Division of Enforcement
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
Phone (646) 746-9743
Fax (646) 746-9939
pchudy@cftc.gov
doakland@cftc.gov
nchopra@cftc.gov
krasor@cftc.gov

**Heet Khara**

By: ______________________
Heet Khara
Al-Ghuwair Flar #2139
Sharjah, 23329, UAE
--and--
2139 Rolla Street
Sharjah Main City, Sharjah UAE

**Nasim Salim**

By: ______________________
Nasim Salim
Zonyx Global
406 Damas Tower
Deira, Dubai 56596 UAE
--and--
Zonyx DMCC
406 Khalid Al Ahar Tower
Marktown Street
Dubai, UAE

**SO ORDERED**, this ______ day of ______________________, 2015.

______________________
U.S. District Judge